CASE 39—ACTION BY EWELL SKIDMORE AGAINST W. R. BALLOU TO RECOVER A DEBT.—November 13, 1903.

# Ballou v. Skidmore

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Partnership—Dissolution—Authority of Partners.—After the dissolution of a firm, a partner cannot enter the appearance of a copartner not served with summons, in an action against the partners, for a personal judgment in severalty.

2. Judgment—Actions—Direct Attack.—In an action on a judgment, a defense that the party against whom the judgment was rendered was not in fact before the court is a direct attack on the record.

3. Judgment—Actions—Direct Attack.—Where, in an action on a judgment, directly attacked on the ground that defendant was not before the court, it appeared that defendant owed the amount for which the judgment was rendered, and he made no defense to the claim, the court, under Civ. Code Prac., section 90, properly rendered judgment for the amount due.

4. Appeal and Error—Harmless Error.—The court will not reverse a case because the attachment therein was not authorized, there having been no motion to discharge the same.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR.—
Affirming.

Jerome Skidmore, who was a merchant, sued
appellant and his former partner, W. R. Maupin, upon
an account in the Harlan circuit court, and obtained a
judgment. It appears that an attorney filed a joint
answer on behalf of the defendants, but it does not
appear that appellant, Ballou, otherwise appeared, or
was served with summons. This action was brought
upon a return of no property. Attachments in the na-
ture of garnishee process were served upon appellant's
debtor, who answered that it owed appellant something
less than the amount of the judgment. In this action
appellant answered, denying that he had been served
with process in the common-law suit, and denying that
he entered his appearance to it, or authorized the
attorney or his former partner, Maupin, to enter his
appearance or to file an answer in his behalf.

In his testimony appellant claimed that the account
sued on had been settled by his executing a note for a
smaller amount to Jerome Skidmore, which was subse-
quently paid; also that he and Maupin sold out their
partnership business to another firm before the suit in
which the first judgment was rendered, the purchasers
assuming the payment of the Skidmore debt, to which
he assented, accepting their undertaking and dis-
charging Ballou and Maupin. Skidmore denied that
the note alluded to had any connection with the debt
for which the judgment was rendered; and denied the
novation. We think the evidence supports Skidmore's
testimony on both these points. We are also satisfied
that appellant was not served with summons in the
first suit, and did not enter his appearance, or au-
thorize the filing of the answer in his behalf. While

it has been declared by some courts, though denied by
others, that in an action by a creditor of a copartner-
ship against the several parties to recover personal
judgments in severalty against them, one partner
might enter the appearance of the others not served,
yet the authorities seem to be agreed that no such
power exists in one partner after the dissolution of
the firm.   Parsons on Partnership, section 118; Bates
on Partnership, section 1092.   It has also been ques-
tioned whether a judgment rendered against one not
summoned, but on whose behalf an answer had been
filed by an unauthorized attorney (Durett v. Durett,
89 S. W. 210, 28 Ky. Law Rep. 275), is not void.   In
Holbert v. Montgomery's Adm'r, 5 Dana, 11, it was
held that the appearance by attorney, although the
attorney was without authority, was binding upon the
party whose appearance was thus had.   But this
position seems to have been abandoned in Howse v.
Reeves & Co., 76 S. W. 513, 25 Ky. Law Rep. 949, and
Francis v. Lilly's Ex'x, 124 Ky. 230, 98 S. W. 996, 30
K. L. R. 391.   In the case at bar we may say that in an
action upon a judgment a defense that the party
against whom the judgment was rendered was not in
fact before the court is a direct attack upon the record,
under our practice, as much so as if the suit had been
brought by him to vacate it.   So treating it, we inquire
into the merits of the case, disregarding the first judg-
ment.   It appears that appellant did owe, and has not
paid, to Jerome Skidmore the amount for which the
judgment was rendered.   Nor does he now make out
a defense to same.   Civ. Code Prac. section 90, pro-
vides that upon issue joined a plaintiff may have the
relief to which he may show himself entitled upon a
prayer therefor.   In our view of the record it was
proper that the plaintiff, as assignee of Jerome

Skidmore, should recover judgment now and in this action for the unpaid account. While the attachment was not authorized, there was no motion to discharge same, and to reverse the case for that reason alone would involve nothing but the costs.

Judgment affirmed.